1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11  PLATYPUS WEAR, INC.,              )  Civil No. 09-2839-JLS(WVG)
                                      )
12                     Plaintiff,     )  ORDER DENYING MOTION TO
                                      )  SEAL OR, ALTERNATIVELY,
13  v.                                )  REDACT SETTLEMENT
                                      )  CONFERENCE TRANSCRIPT
14  UNITED STATES FIDELITY AND        )
    GUARANTY COMPANY,                 )  (Doc. No. 21)
15                                    )
                       Defendant.     )
16                                    )
    _____)
17

18        Defendant United States Fidelity & Guaranty Company (hereaf-

19  ter "Defendant"), has filed a Motion to Seal Or Alternatively,

20  Redact  Settlement  Conference  Transcript  (hereafter  "Motion").

21  Plaintiff Platypus Wear, Inc. (hereafter "Plaintiff"), has filed a

22  Statement  of  Non-Opposition  to  Defendant's  Motion.   The  Court,

23  having reviewed Defendant's Motion and the transcript at issue, and

24  GOOD CAUSE APPEARING, HEREBY DENIES Defendant's Motion.

25

26

27

28

09cv2839

1                                        I

2              PROCEDURAL HISTORY PERTAINING TO DEFENDANT'S MOTION

3          On July 15, 2010, the Court conducted a Settlement Conference

4     in this matter.[1] At the Settlement Conference, the case settled. The

5     terms of the settlement were placed on the record in open court.

6          On July 27, 2010, the official transcript of the terms of the

7     settlement was filed with the Court.

8          On August 6, 2010, Plaintiff and Defendant filed a Joint

9     Motion to Dismiss the Entire Action without prejudice. On August 10,

10    2010, the District Judge assigned to this case granted the Joint

11    Motion to Dismiss. The Order Granting the Joint Motion to Dismiss

12    did not reserve the Court's jurisdiction over the case.

13         On August 17, 2010, Defendant filed the Motion now before the

14    Court.  On August 24, 2010, Plaintiff filed a Non-Opposition to the

15    Motion.

16         On September 15, 2010, Defendant filed a Motion to Amend the

17    Dismissal in Order to Allow Ruling on Motion to Seal or Alterna-

18    tively, Redact Settlement Conference Transcript. On October 8, 2010,

19    the District Judge assigned to this case granted Defendant's Motion

20    to Amend the Dismissal. The Court's October 8, 2010 Order states:

21    "The Court retains jurisdiction and the case is reopened for the

22    limited purpose of deciding Defendant's Motion to seal, or, in the

23    alternative, redact settlement conference (transcript)."

24

25

26

27    _____

28    [1]    The undersigned conducted a Settlement Conference by speaking to
           each party off-the-record, together as well as separately and
           privately. The substance of the off-the-record private
           communications between the Court and the parties are confidential.

                                                              09cv2839

1    Defendant seeks a Court order that the transcript recorded in

2    open court containing the terms of the settlement be sealed or

3    redacted in its entirety due to the confidential nature of the

4    discussions at the settlement conference.  To support this request,

5    Defendant cites to the Notice of Early Neutral Evaluation Conference

6    filed on January 28, 2010, that states "All (Early Neutral Evalua-

7    tion) Conference discussions will be informal, off-the-record,

8    privileged and confidential."  Defendant also cites to the United

9    States District Court, Southern District of California Local Rule[2/]

10   16.1.c.1.b., which states: "The (Early Neutral Evaluation) Confer-

11   ence will be informal, off-the-record, privileged and confidential."

12   Further, Defendant cites to Local Rule 16.3.h., which states: "The

13   Settlement Conference will be off-the-record, privileged and

14   confidential, unless otherwise ordered by the Court."

15                                    II

16                                 ANALYSIS

17       The United States Supreme Court has acknowledged a common law

18   right of access to court records in a civil proceeding.  At the same

19   time, the Supreme Court recognized that the right of access is not

20   absolute.  The Court stated that courts should consider "the

21   interests advanced by the parties in light of the public interest

22   and the duty of the courts.  Hagestad v. Tragesser, 49 F.3d 1430,

23   1434 (9th Cir. 1995)[citing Nixon v. Warner Communications, Inc., 435

24   U.S. 589, 597-598, 602 (1978)].

25       The Ninth Circuit has held that the approach for determining

26   whether the common law right of access should be overridden requires

27

28   _____

     [2/]    All further references to the United States District Court, Southern
             District of California Local Rules shall be to "Local Rule."

09cv2839

1   the court to start with a strong presumption in favor of access.

2   Hagestad, 49 F.3d at 1434 [citing Valley Broadcasting v. United

3   States District Court, 798 F.2d 1289 (9th Cir. 1986)]. ["The

4   presumption of access may be overcome only 'on the basis of

5   articulable facts known to the court, not on the basis of unsup-

6   ported hypothesis or conjecture.'" Id. at 1293]. "The factors

7   relevant to a determination of whether the strong presumption of

8   access is overcome include the 'public interest in understanding the

9   judicial process and whether disclosure of the material could result

10  in improper use of the material for scandalous or libelous purposes

11  or infringement upon trade secrets.'" Hagestad, 49 F.3d at 1434

12  [citing EEOC v. Erection Co., Inc., 900 F.2d 168, 170 (9th Cir.

13  1990)](emphasis added).

14      After the court takes the relevant factors into consider-

15  ation, it must base its decision on a compelling reason and

16  articulate the factual basis for its ruling. Pintos v. Pacific

17  Credit Assn., 605 F.3d 665, 667-668 (9th Cir. 2010)[citing Valley

18  Broadcasting, 798 F.2d at 1295; Kamakana v. City and County of

19  Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006); Foltz v. State Farm

20  Mut. Auto Ins. Co., 331 F.3d 1122, 1135-1136 (9th Cir. 2003)].

21      Here, Defendant fails to state reasons for its request to

22  seal the transcript containing the terms of the settlement suffi-

23  cient to override the "public('s) interest in understanding the

24  judicial process." First, Defendant's citations to the Notice of

25  Early Neutral Evaluation Conference and Local Rule 16.1.c.1.b. are

26  inapposite.  The settlement was reached after a settlement confer-

27  ence, not an Early Neutral Evaluation Conference.  While the

28  principle of "confidentiality" is applicable in both scenarios, it

09cv2839

1   simply is inaccurate to cite to the rules of the Early Neutral

2   Evaluation Conference to support Defendant's contention in this

3   context.

4       Second, Defendant also cites to Local Rule 16.3 to support

5   its Motion. Local Rule 16.3 provides rules regarding the conduct of

6   settlement conferences in this Court. While Local Rule 16.3 states

7   that the settlement conference will be off-the-record, privileged

8   and confidential, Defendant misconstrues the Rule.

9       The Court sees a very distinct and important difference

10  between maintaining the confidentiality of the actual discussions

11  had in the settlement conference (absent a stipulation to the

12  contrary) on one hand, and memorializing on the record in open court

13  the terms of an agreed upon settlement on the other.  The latter

14  will not be confidential unless specific, articulable and compelling

15  reasons justifying secrecy are made known to the Court before (or at

16  least during) the on the record session.  Afterwards is generally

17  too late to make this showing.

18      Local Rule 16.3.d. specifically states: "The judge conducting

19  the settlement conference may receive *in camera* communications from

20  each party and its counsel, and must maintain such in confidence

21  unless there is a stipulation to the contrary."  Therefore, Local

22  Rule 16.3 contemplates that the court may engage the parties

23  separately and together in *in camera* settlement *discussions* which

24  are to be kept confidential unless the party or attorney who engaged

25  in the *discussions* with the judge allows the judge to disclose any

26  part of those *discussions* to his/her opponent(s). The Local Rule

27  does not state nor imply that once the settlement conference

28  *discussions* are completed, and the terms of the settlement are

09cv2839

1  placed on the record in open court, that the transcript containing
2  the terms of the settlement be sealed or redacted. In practice, any
3  party to a settlement may specifically request that the transcript
4  be sealed when the terms of the settlement are placed on the record
5  in open court. In fact, the confidentiality of settlement terms is
6  often discussed with the judge who presided over the settlement
7  discussions prior to placing the settlement terms on the record in
8  open court.

9        Here, neither party discussed with the Court at any time
10 during the settlement discussions, or prior to, during, or after the
11 settlement terms were placed on the record in open court, that the
12 terms of the settlement were to be confidential or that the
13 transcript should be sealed for that, or any other, reason. In fact,
14 it is the Court's recollection that the parties requested that the
15 terms of the settlement be placed on the record with at least the
16 implicit understanding that by doing so, the agreement would become
17 a matter of public record. Therefore, the Court concludes that
18 Defendant's citation to Local Rule 16.3 supports the "public
19 interest in understanding the judicial process." Also, Defendant
20 has not presented the Court with any facts by which it could
21 conclude that public availability of the transcript will result in
22 "improper use of the (transcript) for scandalous or libelous
23 purposes or infringement of trade secrets." Nor does the Court's
24 review of the discussions with the parties at the settlement
25 conference, and an *in camera* review of the transcript, support such
26 an assertion. Therefore, Defendant has failed to overcome the strong
27 presumption of the right of access to the Court's records, which in
28

09cv2839

1   this case is the transcript of the hearing in which the terms of the

2   settlement of this action were placed on the record in open court.

3       Moreover, Ninth Circuit law supports the Court's settlement

4   process, as used in this case. In <u>Doi v. Halekulani Corp.</u>, 276 F.3d

5   1131, 1138 (9th Cir. 2002), a settlement of that action was negoti-

6   ated in off-the-record discussions with the court.  Thereafter, the

7   parties announced in open court that the case had settled and

8   recited the terms of the settlement. The court held that a settle-

9   ment agreement announced on the record is binding even if a party

10  has a "change of heart" after agreeing to its terms but before the

11  terms are reduced to writing. See also <u>Grimes v. Barber</u>, 2009 WL

12  5062348 (N.D. Cal. 2009). Further, a qualification of the terms of

13  a settlement agreement not stated when the terms of the settlement

14  are placed on the record is unenforceable. <u>WG Security Products v.</u>

15  <u>Tyco International, Ltd.</u>, 306 Fed. Appx. 353, 2008 WL 5272759 (9th

16  Cir. 2008).

17      Here, Defendant seeks to insert, after-the-fact, a confiden-

18  tiality provision into the parties' recitation of the terms of the

19  settlement placed on the record in open court.  Defendant's request

20  is made after the terms of the settlement were placed on the record

21  in open court, after the terms of the settlement were reduced to

22  writing, and without mention of such a confidentiality provision

23  during the private, off-the-record discussions with the Court, or at

24  the time the settlement terms were placed on the record in open

25  court.  Even though Defendant's Motion is not opposed by Plaintiff,

26  the Court views Defendant's request to have the transcript sealed or

27  redacted to protect its confidentiality as a "change of heart" or a

28  qualification to the terms of the settlement, after it agreed to the

09cv2839

terms of the settlement and after the terms of the settlement were reduced to writing. See Grimes, supra, WG Security Products, supra.

As a result of the foregoing, Defendant's Motion is DENIED.

DATED:  October 15, 2010

Hon. William V. Gallo
U.S. Magistrate Judge

09cv2839