# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLATYPUS WEAR, INC.,<br><br>                                 Plaintiff,<br>  vs.<br><br>UNITED STATES FIDELITY AND GUARANTY COMPANY,<br><br>                                Defendant. | CASE NO. 09CV2839 JLS (WVG)<br><br>**ORDER (1) OVERRULING DEFENDANT'S OBJECTION AND (2) DISMISSING DEFENDANT'S EX PARTE APPLICATION FOR ORDER SHORTENING TIME**<br><br>(Doc. Nos. 28 & 29.) |

On August 17, 2010, Defendant filed a motion to seal or redact a transcript containing the terms of the parties' settlement. (Doc. Nos. 17 (Transcript) & 21 (Mot. to Seal).) Magistrate Judge Gallo denied the motion in an October 15, 2010 Order. (Doc. No. 26 (Order).) Presently before the Court is Defendant's objection to Magistrate Judge Gallo's Order denying Defendant's motion to seal or, alternatively, redact settlement conference transcript, (Doc. No. 28 (Objection)), and Defendant's ex parte motion for order shortening time to hear the objection. (Doc. No. 29.) Defendant's objections are **OVERRULED** and the application for order shortening time is **DISMISSED AS MOOT**.

Pursuant to 28 U.S.C. § 636(b)(1)(A), this Court reviews Magistrate Judge Gallo's order under a "clearly erroneous or contrary to law" standard. *See also Hoar v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990) ("Matters concerning discovery generally are considered 'nondispositive' of the litigation."). "The 'clearly erroneous' standard applies to factual findings and discretionary decisions

1  made in connection with non-dispositive pretrial discovery matters." *FDIC v. Fidelity & Deposit Co.*
2  *of Md.*, 196 F.R.D. 375, 378 (S.D. Cal. 2000). "Clearly erroneous" review is "significantly
3  deferential, requiring 'a definite and firm conviction that a mistake has been committed.'" *Concrete*
4  *Pipe & Prods. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 623 (1993). On the other hand,
5  "contrary to law" review "permits independent review of purely legal determinations by the magistrate
6  judge." *Fidelity*, 196 F.R.D. at 378 (citing, *inter alia*, *Computer Econs., Inc. v. Gartner Grp, Inc.*, 50
7  F. Supp. 2d 980, 983 (S.D. Cal. 1999)).

8  Defendant objects to the Order denying motion to seal based on Magistrate Judge Gallo's
9  interpretation of the applicable law. (Objection at 5.) As such, the Court reviews under the "contrary
10 to law" standard and concludes that Magistrate Judge Gallo's Order is not contrary to law.

11 In determining whether a document should be sealed, the Court begins with a presumption of
12 public access to court documents. *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). The
13 Supreme Court recognized, however, that the right to access is not absolute. *Nixon v. Warner*
14 *Comm'cns, Inc.*, 435 U.S. 589 (1978). When deciding whether access is appropriate, the courts must
15 consider "the interests advanced by the parties in light of the public interest and the duty of the
16 courts." *Id.* at 602. Ultimately, the decision to seal is "best left to the sound discretion of the trial
17 court, a discretion to be exercised in light of the relevant facts and circumstances of the particular
18 case." *Id.* at 599.

19 Defendant argues that local rules and public policy overcome the public's right to access
20 settlement terms stated in court. The Alternative Dispute Resolution Act, 28 U.S.C. § 651 *et seq.*,
21 required district courts to promulgate local rules "provid[ing] for the confidentiality of the alternative
22 dispute resolution processes and . . . prohibit[ing] disclosure of confidential dispute resolution
23 communications." 28 U.S.C. § 652(d). Civil Local Rules 16.1.c.1.b and 16.3(h) were the result. Rule
24 16.1.c.1.b states that early neutral evaluation conferences "will be informal, off the record, privileged
25 and confidential." Civil Local Rule 16.1.c.1.b. Similarly, Rule 16.3(h) states that settlement
26 conferences "will be off the record, privileged and confidential, unless otherwise ordered by the
27 Court." Civil Local Rule 16.3(h). Defendant reads the Alternative Dispute Resolution Act and the
28 Local Rules as overcoming the presumption of public access to not just settlement discussions, but

1  also settlement terms. Moreover, Defendant argues there is a public policy affording "great
2  confidentiality protection because such confidentiality furthers the interests of the court and the parties
3  in encouraging frank and candid settlement discussions and resolutions of disputes, interests which
4  are hindered if settlement proceedings and terms become public, particularly when the parties are
5  expecting the confidentiality promised by the local rules." (Objection at 14–15.)

6  In making its argument to seal the transcript containing settlement terms, Defendant conflates
7  settlement discussions with final settlement terms. Failing to differentiate between the two results in
8  an unsettling conclusion. Under such an interpretation, all settlement terms would be sealable as a
9  matter of right because local rules would, in all cases, trump the public's right to access court
10 documents.

11 The Court recognizes the importance of confidentiality in settling disputes. But the Court also
12 differentiates between confidentiality necessary for settlement negotiations and confidentiality of
13 settlement terms. The Local Rules and public policy speak to the settlement negotiation process. That
14 process is not at issue here. Instead, Defendant requests the Court to seal settlement terms. And for
15 that request, the Court begins with a strong presumption in favor of access. *Hagestad*, 49 F.3d at
16 1434. Defendant has failed to provide the Court with reasons to overcome the presumption. Instead,
17 Defendant focuses on Local Rules and public policy, both of which are inapposite in this situation.

18 As part of its objection, Defendant cites to a laundry list of cases. Many of them are irrelevant
19 because Defendant fails to make the above-stated distinction. The rest are irrelevant because
20 Defendant equates the standard for sealing documents with the standard for unsealing documents. For
21 instance, Defendant cites to *Gambale v. Deutsche Bank* for the proposition that "confidentiality
22 protections apply to transcripts of settlements reached in settlement proceedings." *Gambale v.*
23 *Deutsche Bank*, 377 F.3d 133 (2nd Cir. 2004). The *Gamble* court held that it would be an abuse of
24 discretion to unseal the transcript containing settlement terms. *Id.* 143–144. And therein lies the
25 problem; the transcript at issue in this case has not yet been sealed.

26 Magistrate Judge Gallo's Order denying the motion to seal properly applied the correct
27 standard. Defendant has "failed to overcome the strong presumption of the right of access to the
28 Court's records." (Order at 6.) Defendant's objections are **OVERRULED**. Having overruled the

1  objections, Defendant's ex parte application for order shortening time is **DISMISSED AS MOOT**.

2      **IT IS SO ORDERED**.

3  DATED: October 25, 2010

4                                               Honorable Janis L. Sammartino
   United States District Judge